# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

# STATE OF MAINE

---

LIVERMORE FALLS TRUST AND BANKING COMPANY

*vs.*

EDWIN RILEY et als.

Androscoggin.    Opinion February 20, 1911.

*Limitation of Actions.   Bills and Notes.   Indorsers.   Corporations.   Directors. Estoppel.   Revised Statutes, chapter 83, sections 100, 103.*

Under Revised Statutes, chapter 83, section 103, an indorsement by the payee of a payment on a note is insufficient proof of payment to take the case out of the statute of limitations.

The directors of a corporation sustain a fiduciary relation to the stockholders.

Where a trustee of a corporation in his individual capacity signed his name on the back of a note at its inception and which note was payable to the order of the corporation, *held* that he became an original promissor with the other makers.

Where a trustee of a corporation had indorsed at its inception a note payable to the order of the corporation and he negligently failed to attempt collection of the note before the same was barred by the statute of limitations, and the other officers of the corporation relied on his indorsement, *held* in a suit on the note by the corporation against the trustee that he was estopped to plead the statute of limitations.

On an agreed statement of facts.    Judgment for plaintiff against defendant Riley.    Judgment for the defendants, Ridlon and White.

Assumpsit on a promissory note for \$2500.    Plea, the general issue with a brief statement invoking the statute of limitations.

VOL. CVIII  2

The plaintiff filed a counter brief statement which appears in the opinion. An agreed statement of facts was filed and the case reported to the Law Court for determination.

The case is fully stated in the opinion.

*Frank W. Butler*, and *Heath & Andrews*, for plaintiff.

*Bisbee & Parker*, and *Newell & Skelton*, for defendants.

Sitting : Emery, C. J., Whitehouse, Savage, Spear, King, Bird, JJ.

Whitehouse, J. This is an action of assumpsit to recover the amount due on a promissory note for $2500 dated April 6, 1900, payable to the order of the plaintiff company four months after date, signed by George W. Ridlon and W. I. White, and on the back by the defendant Edwin Riley. Under the name of the defendant Edwin Riley on the back of the note is the following, namely, "6 mos. int. pd. July 31, 1906, $75."

The defendants pleaded the general issue and for a brief statement of special matter of defense, pleaded the statute of limitations.

By way of counter brief statement the plaintiff filed the following :

"The plaintiff was incorporated under Chap. 275 of the private and special laws of Maine for 1895. That in Sec. 7 of said chapter it is provided that 'No loan shall be made to an officer or director of said Banking and Trust Company except by the unanimous approval of the executive board in writing ;' that the defendant was during the entire year 1900 and at the time said money was loaned and the note taken as described in the plaintiff's writ and to the date of said writ was one of the officers or directors of said Banking and Trust Company and a member of the executive board thereof; that said money was loaned to the said defendant and his co-promissors without the unanimous approval of said executive board in writing as required in Sec. 7 of said chapter ; that the directors of said Trust & Banking Co. called in their said charter 'trustees,' had no knowledge that said money was so loaned or that said note was so outstanding and unpaid until more than six years after the same was due ; that it was and is the legal duty of the said defendant, Edwin Riley, as one of the trustees of said Trust &

Banking Co., to protect the assets of said bank for the stockholders thereof; that as such trustee he was and is under the legal obligation to guard the assets of said bank and protect the same from loss for the benefit of said stockholders; that the fact that said note was outstanding as aforesaid was never mentioned to or referred to or passed upon by the board of trustees of said plaintiff company or by its executive board and that the existence of said note was never called to the attention of said trustees or said board by said defendant, Edwin Riley, at any meeting of said board, or otherwise and was wholly unknown to said trustees. Said Edwin Riley having been at the time said money was taken from said bank and said note given, one of the trustees thereof, and having continued in that official capacity up to and including the present time, and never having called the attention of said trustees to the fact that said note was outstanding and unpaid and having procured said loan in violation of law as aforesaid, is now therefore and thereby equitably estopped from pleading the statute of limitations as he has attempted to plead them in his pleadings filed in this case, and by reason of the foregoing the fact that more than six years has elapsed since said note matured now constitutes no defense to the maintenance of this action thereon. All of which the plaintiff is ready to verify."

The case comes to the Law Court on the following agreed statement of facts.

"It is admitted that Edwin Riley who signed said note on the back thereof at the inception of the note, received no part of the proceeds of the same; that he has never paid any part of the principal or interest, never authorized any payment and never knew that any payment had been made thereon until since January 1, 1910; that no demand for payment either principal or interest has ever been made on him until or after August 13, 1909.

The bank records show the following votes were passed:

April 6th, 1900. Trustees present Edwin Riley, J. H. Maxwell, I. G. Sharaf, E. C. Dow, Geo. Chandler and C. H. Sturtevant.

Voted 'to discount a note for $2500 dated April 6th, 1900, payable in four months. Signed W. I. White and Geo. Ridlon. Endorsed Edwin Riley.

"Sept. 13, 1909."

Trustees present, S. H. Niles, Edwin Riley, H. D. Parker, George Chandler, E. C. Dow, J. H. Maxwell, I. G. Sharaf, C. H. Sturtevant, E. H. Morison, J. G. Ham.

On motion of Edwin Riley it was unanimously voted that our attorney be instructed to collect the note of $2500 signed by George W. Ridlon endorsed by W. I. White and E. Riley.

August 13, 1909, was the first time said Riley knew the note was not paid. It is admitted that on April 6, 1900, said Riley was one of the trustees of the plaintiff corporation and continued as such trustee until June 1, 1910; that from the date of the note until August 13, 1909, the plaintiff corporation took no action whatever in relation to the note or the collection thereof, or the interest on the same; and that the matter was never called to the attention of the plaintiff corporation either by the treasurer thereof or the said Edwin Riley or either of the trustees; that the plaintiff corporation has always held possession of the note; that the loan was not made by the unanimous approval of the executive board of the plaintiff corporation in writing; that the defendant Ridlon never paid any part of the note or the interest thereon, or knew that the payment was made, and never authorized any to be made; that there are and always have been nine trustees of the plaintiff corporation and that the endorsement on the back of the note is in the hand writing of the treasurer of said plaintiff corporation.

The Law Court to render judgment in accordance with the legal rights of the parties."

It is not in controversy that upon the facts reported in the agreed statement, the note appears to be barred by the statute of limitations as to the defendants Ridlon and White. It is provided by section 100 of chapter 83, R. S., that "no acknowledgment or promise takes the case out of the operation of the statute, unless the acknowledgment or promise is express, in writing, and signed by the party chargeable thereby." But section 103 of the same chapter declares that "Nothing herein contained alters, takes away or lessens the effect of payment of any principal or interest made by any person; but no endorsement or memorandum of such payment made on a

promissory note, bill of exchange or other writing, by or on behalf of the party to whom such payment is made or purports to be made, is sufficient proof of payment to take the case out of the statute of limitations; and no such payment made by one joint contractor or his executor, affects the liability of another."

As already noted, it appears from the admissions in the foregoing agreed statement that neither the defendant Ridlon nor the defendant Riley ever paid anything on account of either principal or interest on the note, and that the indorsement of $75 thereon is in the handwriting of the plaintiff's treasurer. Under the statute above quoted such an endorsement is "not sufficient proof of payment to take the case out of the statute of limitations," as to the defendant White.

But the plaintiff contends that upon the facts and circumstances disclosed by the history of the defendant Riley's connection with this transaction, with the legitimate inferences to be drawn therefrom, under the established principles of equity applicable to the relation sustained by him to the corporation, the defendant Riley must be deemed to have waived his right to plead the statute of limitations in bar of this action and be held equitably estopped to invoke the relief which that statute, regarded as a statute of repose, was designed to afford under ordinary and more meritorious conditions than those in the case at bar.

It is an elementary principle inherent in the nature of corporations, the conduct of their business and the protection of their properties, that the directors sustain a fiduciary relation to the stockholders. They may not be trustees for the creditors of the corporation in the sense in which an agent is the trustee of his principal, but the relation existing between the directors of a corporation and the stockholders for whom they act is substantially that of trustees and beneficiaries.

In *Railway Company* v. *Poor*, 59 Maine, 278, the court said: "Every person is to be deemed a trustee to whom the business and interests of others are confided and to whom the management of their affairs is entrusted. The general rule is that a trustee, so far as the trust extends, can never become a purchaser of the property

embraced within the trust, save with the consent of all parties interested. The underlying principle is that no man can serve two masters. He who is acting for others cannot be permitted to act adversely to his principals. Persons who become directors of a corporation place themselves in the situation of trustees, and the relation of trustees and cestui que trust is thereby created between them and the stockholders. . . . If a director be a party to a contract entered into with himself, his duty as an officer is in conflict with his interests as an individual. . . . If he enters originally into the contract as a director with himself as a party, it is not difficult to perceive who would have an advantage in the bargain."

The same principle is stated by Mr. Pomeroy in section 1077 of his equity jurisprudence as follows:

"It is the duty of the trustee not to accept any position or enter into any relation or do any act inconsistent with the interests of the beneficiary. This rule is of wide application, and extends to every variety of circumstances. It rests upon the principle that as long as the confidential relation lasts the trustee or other fiduciary owes an undivided duty to his beneficiary, and cannot place himself in any other position which would subject him to conflicting duties, or expose him to the temptation of acting contrary to the best interests of his original cestui que trust. This rule applies alike to agents, partners, guardians and administrators, directors and managing officers of corporations, as well as to technical trustees."

The defendant Riley was one of the plaintiff's trustees at the time he signed the note in question and continued in that capacity until June 1, 1910. He signed the note at its inception and thereby became an original promissor with the other defendants. As a trustee he was under obligation to cooperate with the other members of the board in the exercise of all due care and vigilance to safeguard the property and protect the rights of the corporation. It was his duty to act with all good fidelity for the promotion of the best interests of the stockholders and to accept no personal loans from the bank in violation of the provisions of its charter. He owed an "undivided duty to his beneficiary," and was not justified in making any contract which would "subject him to conflicting

duties or expose him to the temptation of acting contrary to the best interest" of the corporation.   The fact that he was instrumental in obtaining the loan in question without the "unanimous approval of the executive board in writing" emphasized his duty to be watchful and alert in protecting the bank against any loss arising from the transaction.

It appears from the agreed statement that he did not learn that the note was unpaid until August 13, 1909, nine years after the note became due.   This must be regarded as a remarkable admission of a failure of duty on his part to ascertain the facts in regard to the note and cause measures to be taken for its collection before the expiration of six years from its maturity.   According to his own admission he gave no attention whatever to this loan of $2500 until after the lapse of nine years, when, with an evident belief in his own security from liability, and with new born zeal for the interests of the bank, he moved that their attorney be instructed to collect the note.   The treasurer and other trustees appear to have acted upon the confident assumption that he would discharge his duty as a trusted member of the board, and to have been lulled into inactivity by the appearance of his signature on the back of the note and his conduct in the premises.

Under the circumstances, the plaintiff's claim that the defendant Riley is now equitably estopped to set up the statute of limitations in his defense must be deemed a meritorious one.   The principle upon which it is based is analogous to that frequently applied in bills for the specific performance of oral contracts which have been partly performed, and the statute of frauds is invoked in defense. "The ground of the remedy is equitable estoppel based on an equitable fraud.   After having induced or knowingly permitted another to perform in part an agreement on the faith of its full performance by both parties, and for which he could not well be compensated except by specific performance, the other shall not insist that the agreement is void."   *Woodbury* v. *Gardner*, 77 Maine, 68.   In such a case "the defendants are estopped to set up the statute of frauds in defense."   *Low* v. *Low*, 173 Mass. 580.   In 4 Pom. Eq. Jur. sect. 1409, the author says:   "The ground is equitable fraud,

not an antecedent fraud in entering into the contract, but a fraud inhering in the consequence of setting up the statute as a defense." See also *Mc Guire* v. *Murray*, 107 Maine, (77 Atl. 692), and *Bank* v. *Marston*, 85 Maine, 488.

In *Harrisburg Bank* v. *Forster*, 8 Watts, 12, (Penn.) the precise question presented in the case at bar was directly involved and distinctly determined in favor of the plaintiff upon the ground above stated. In that case the defendant was cashier of the bank, and the action was brought against him to recover the amount of four promissory notes signed by him, payable to the bank. As in the case at bar the defendant insisted that he was protected by the statute of limitations. But the court held in an elaborate opinion, that the defendant could not avail himself of the statute of limitations to defeat the action unless he could clearly show a performance of all his duties in relation to the note, in exhibiting the same as due and unpaid, to the board of directors, and that the knowledge of the president or of individual directors of the bank that the note was due and unpaid, was not a fact from which negligence could be inferred on the part of the bank, so as to allow the operation of the statute in favor of the cashier. In the opinion the court said, speaking of the cashier: "It was his duty, on the nonpayment of the notes at maturity, to make a full, accurate and true statement of the case to the board of directors. And this was necessary, that they might take some order as to the measures to be taken; whether they would permit them to lie over, or would order their immediate payment. Unless this was done, the omission to do his duty amounts to such a concealment of the state of the case as in contemplation of law would deprive him of the protection of the statute." . . . . "The security of the stockholders requires the utmost good faith on the part of the officers of the bank, and to enable them to shield themselves by a statute made to prevent fraud, they must adhere strictly to their duty. The same principle will also apply to a director, whose note may be suffered to lie over. If the cashier omits to lay the matter before the board, he must do it himself, or consent to forego the benefits of the act." . . . . "The court say, if the directors knew, or if by ordinary care and

diligence might have known that the notes were due and unpaid, the statute of limitations operates. This position must be taken with the important qualification that they had official information that they were unpaid. The case does not depend upon what is termed ordinary care and diligence on the part of the directors, when there has been an omission of duty on the part of the cashier, who seeks to protect himself from payment. Until the directors have this knowledge, it is the opinion of the court the statute does not begin to run against the bank, notwithstanding the notes are due. In the complicated concerns of a bank, it is impossible that the directors can be sufficiently aware of the nonpayment of all notes and securities belonging to the institution."

It will be observed that this case is essentially "on all fours" with the case at bar. It is the only case cited by counsel on either side, and the only one to which the attention of the court has been called, in which the precise question here presented has been considered and decided.

It is the opinion of the court that the defendant in the case at bar is equitably estopped to set up the statute of limitation to avoid payment of his note, and that the certificate must be,

> *Judgment for the plaintiff against the defendant Riley for the amount of the note and interest.*
>
> *Judgment in favor of the defendants, Ridlon and White.*