**John and Gertrude HANUSEK**

v.

**SOUTHERN MAINE MEDICAL CENTER.**

Supreme Judicial Court of Maine.

Argued Oct. 1, 1990.
Decided Dec. 26, 1990.

Terrence Garmey (orally), Smith & Elliott, Portland, for plaintiffs.

Joy C. Cantrell (orally), Christopher D. Nyhan, Preti, Flaherty, Beliveau & Pachios, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

John and Gertrude Hanusek appeal the judgment of the Superior Court (York County, *Brennan, J.*) dismissing their medical malpractice action against Southern Maine Medical Center (SMMC) because it is barred by the statute of limitations. The Hanuseks assert that SMMC is estopped from invoking the statute of limitations as a defense because they refrained from filing their claim within the statutory period in reliance on a threatening statement made by an SMMC employee. Because the Superior Court, in granting SMMC's motion to dismiss, erroneously held that estoppel to prevent a defendant from raising the affirmative defense of the statute of limitations in a civil action is unavailable as a matter of law, we vacate the dismissal. The facts alleged in affidavits submitted by the Hanuseks in support of their claim of estoppel, however, do not meet the test of reasonable reliance, an essential element of estoppel, and therefore we remand to the Superior Court for entry of judgment for SMMC.

John Hanusek arrived at the Southern Maine Medical Center emergency room on the afternoon of May 26, 1986, complaining of chest pain. The Hanuseks allege that there was a long delay between the time that they arrived at the emergency room and the time that Mr. Hanusek began receiving medication for the heart attack he was suffering. They further allege that as a result of the delay in his treatment, which they attribute to negligence on the part of SMMC, he suffered otherwise avoidable heart damage.

Pursuant to 24 M.R.S.A. § 2903 (1990), the Hanuseks served written notice of their negligence claim on SMMC on May 26, 1989, and filed their complaint in November of 1989. SMMC raised the two-year statute of limitations as an affirmative defense and moved to dismiss the complaint based

on that ground.[1] Contending that SMMC should be estopped from raising the statute of limitations as a defense, the Hanuseks filed affidavits alleging that they refrained from consulting an attorney and from commencing their action within the two-year statute of limitations because of a threatening statement made to them by an SMMC employee. 24 M.R.S.A. § 2902 (1985), *amended by* P.L.1985, ch. 804 (effective Aug. 1, 1988). The Superior Court granted SMMC's motion to dismiss, concluding that estoppel could not be invoked to prevent a defendant from asserting a statute of limitations defense in a civil action such as this one for medical malpractice. The appeal by the Hanuseks followed that dismissal.

■ The statute of limitations is an affirmative defense under M.R.Civ.P. 8(c). *Chiapetta v. Clark Assocs.*, 521 A.2d 697, 700 (Me.1987). On the face of the complaint, the action of the Hanuseks was not brought within the two-year statute of limitations period and SMMC properly challenged the complaint on that ground in its motion to dismiss. *Patten v. Milam*, 468 A.2d 620, 621–22 (Me.1983). In concluding that estoppel is never available to bar the statute of limitations defense from being raised in this kind of medical malpractice civil action and granting the motion to dismiss, the court erred. If its elements are present, estoppel may be applied to prevent an otherwise valid affirmative defense of statute of limitations from successfully being raised.[2]

■ That does not end our consideration of the matter, however. When the Hanu-seks asserted a claim of estoppel and presented matters outside the pleading, i.e., affidavits stating their reasons for failing to bring suit within the two-year statutory period, the motion to dismiss was converted to a motion for summary judgment pursuant to M.R.Civ.P. 56. *Chiapetta*, 521 A.2d at 700; *Patten*, 468 A.2d at 622. The Superior Court addressed only the motion to dismiss. Because SMMC is entitled to a determination on the motion for summary judgment, we examine the entire record including the affidavits to determine whether the Hanuseks' have generated a genuine issue of material fact so as to preclude SMMC's entitlement to judgment as a matter of law. *Lidstone v. Green*, 469 A.2d 843, 845 (Me.1983). We view the affidavits in the light most favorable to the Hanuseks and accept as true all the facts asserted in them. *Id.;* Field, McKusick & Wroth, *Maine Civil Practice* § 56 (2d ed. 1970). We conclude that the Hanuseks have failed to demonstrate an essential element of estoppel necessary to prevent SMMC from raising the statute of limitations defense.

> The gist of an estoppel barring the defendant from invoking the defense of the statute of limitations is that the defendant has conducted himself in a manner which actually induces the plaintiff not to take timely legal action on a claim. The plaintiff thus relies to his detriment on the conduct of the defendant by failing to seek legal redress while the doors of the courthouse remain open to him.

*Townsend*, 446 A.2d at 1134 (citations omitted). The acts of the plaintiff in reliance

---

1. The two-year statute of limitations has been lengthened to three years. 24 M.R.S.A. § 2902 (1990). The historical note to the new three-year statute provides that it "shall take effect on August 1, 1988, except that no claims previously barred by the statute of limitations shall be revived." P.L.1985, ch. 804, § 22. Because the Hanuseks' claim was barred in May 1988, the three-year statute of limitations does not apply to the Hanuseks' action. *Id.*

2. Although we have not heretofore specifically recognized the application of estoppel to prevent the assertion of a statute of limitations defense to a civil action in general, we have recognized its application to prevent an employ-er from asserting a statute of limitations defense in a workers' compensation action. *Pino v. Maplewood Packing Co.*, 375 A.2d 534, 538–39 (Me.1977). Equitable estoppel has also been applied to a statute of limitations defense in a civil case where there is a fiduciary relationship and concealment. *Livermore Falls Trust & Banking Co. v. Riley*, 108 Me. 17, 23, 78 A. 980 (1911). *See Townsend v. Appel*, 446 A.2d 1132, 1133 (Me.1982). If sufficient facts setting out the elements of estoppel can be proven, estoppel should be available to bar a defendant from raising the statute of limitations in a civil action. *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 234–35, 79 S.Ct. 760, 763, 3 L.Ed.2d 770 (1959).

on the defendant's conduct, however, must be reasonable. *City of Auburn v. Degrosseillers*, 578 A.2d 712, 714 (Me.1990); *Shackford & Gooch, Inc. v. Town of Kennebunk*, 486 A.2d 102, 106 (Me.1984). Thus, in order to meet their burden of establishing the facts necessary to support the successful application of the doctrine of equitable estoppel in this case, the Hanuseks must prove that their reliance on the statement of the SMMC nurse in failing to consult an attorney and file a claim within the two-year statutory period was reasonable.

The affidavits of the Hanuseks allege that in a conversation with a supervisory nurse of the intensive care unit of SMMC on May 27, 1986, the day after Mr. Hanusek's visit to the emergency room, Mrs. Hanusek complained about the long delay in obtaining treatment the previous day, and told the nurse that they might consult an attorney. The nurse warned Mrs. Hanusek that "If you get an attorney, your husband's name will be placed on a computer and all the doctors and hospitals in this area will know about him and no one will take him as a patient." The affidavits further allege that as a result of the nurse's statement, they refrained from consulting an attorney because they were afraid that they would be unable to obtain treatment for Mr. Hanusek's heart condition. After reading a newspaper article in February 1989 about a person who had successfully sued SMMC for failure to treat a heart attack, the Hanuseks consulted an attorney. The written notice of claim was filed on May 26, 1989, and the complaint was filed in November 1989.

Reliance on the statement of the nurse to preclude any action by the Hanuseks for a period well in excess of two years is not objectively reasonable. For purposes of estoppel, misrepresentations that induce others not to take action can constitute acts on which people reasonably rely to their detriment. *Gulesian v. Northeast Bank of Lincoln*, 447 A.2d 814, 816 (Me.1982). The inaction alleged to result from this threat, however, is unreasonable as to its duration and scope. This is not the case of a misleading statement made shortly before the expiration of the limitations period prompting a brief delay in bringing suit. The statement here was made on the day after the alleged negligence that gave rise to the claim for malpractice and nearly three years prior to any action taken by the Hanuseks. In addition, the Hanuseks made no attempt to confirm the validity of the nurse's statement with anyone from the hospital, such as an administrator or a physician. Moreover, the Hanuseks relied on the single statement of the nurse to refrain for nearly three years not only from filing suit, but also from consulting privately and confidentially with an attorney. The forbearance of the Hanuseks was not reasonable as a matter of law. Because the action was not commenced within the statutory period, and because there is an insufficient basis to apply estoppel to prevent SMMC from asserting the statute of limitations defense, SMMC is entitled to summary judgment.

The entry is:

Judgment of dismissal vacated. Remanded to Superior Court for entry of judgment for Southern Maine Medical Center.

McKUSICK, C.J., and BRODY and COLLINS, JJ., concur.

WATHEN, Justice, with whom ROBERTS and GLASSMAN, JJ., join, dissenting.

I must respectfully dissent. I agree that the Superior Court erred in dismissing plaintiffs' medical malpractice action, but I am unable to agree that we nevertheless should dispose of plaintiffs' complaint by granting summary judgment.

Mrs. Hanusek states in her affidavit that she and her husband experienced a significant period of delay in receiving treatment in the emergency room. She describes her discussions with the attending physician and the supervising nurse as follows:

When Dr. Meadows told me how serious a heart attack John had, I said "you mean to tell me that we waited more than one and a half hours before even

being seen while my husband was having a heart attack in your waiting room?" I was very upset. Dr. Meadows asked me more questions about how long we waited and then changed the subject.

The next day while I was visiting my husband in intensive care a nurse who identified herself as a Southern Maine Medical Center "ICU Supervisor" called me into her office. She told me that I was being unfair and that I should take my problem out on the "emergency room services." I then told her that "I should have an attorney on this." The nurse then told me that "If you get an attorney your husband's name will be placed on a computer and all the doctors and hospitals in this area will know about him and no one will take him on as a patient."

Mrs. Hanusek states that she and her husband refrained from seeking legal advice until they read a newspaper account of a suit brought against the hospital for a failure to treat a heart attack. Only at that point did they approach an attorney.

The Court holds as a matter of law that a patient who had just suffered a severe coronary and faced the need for continued medical treatment could not reasonably rely upon the warning given by the nursing supervisor. I fear the Court presumes too much. I would join in vacating the dismissal, but I find a genuine issue of fact is presented and I would not order the granting of summary judgment.