STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-285
NM —CuM— 3/11/2014

ROBERT FLYNN,

Plaintiff

v.

MICHAEL LIBERTY, et al.,

Defendants

ORDER ON DEFENDANTS'
MOTION TO DISMISS

Before the court is defendants' motion to dismiss. M.R. Civ. P. 12(b)(6).
Defendants allege plaintiff's complaint is barred by the applicable statute of
limitations, 14 M.R.S. § 752 (2013). For the following reasons, the motion is
denied.

BACKGROUND

The plaintiff alleges the following in his amended complaint. Plaintiff
Robert Flynn and defendant Michael Liberty have known each other for more
than 25 years. (Am. Compl. ¶ 11.) They developed a close friendship and a
relationship of trust. (Am. Compl. ¶¶ 14-15.)

On June 4, 2001, plaintiff and James G. Stanley, Jr., on behalf of American
Housing Preservation Corp., executed a promissory note for $600,000.00, payable
on demand. (Am. Compl. ¶¶ 16, 19.) On 2/28/03 all parties to this suit entered
into a Debt Restructure Agreement (DRA) concerning various debts owed by
defendant Liberty and his companies to plaintiff. (Am. Compl. ¶ 23.) The 2001
promissory note was not cancelled by the DRA and is separate from that
agreement. (Am. Compl. ¶¶ 37-38.)

Under the DRA, plaintiff agreed to give up his right to collect $1,474,694 in promissory notes in exchange for an ownership stake in several of defendant Liberty's companies. (Am. Compl. ¶ 27.) The agreement also included "cash flow assurances" under which the LGI defendants[1] and defendant Liberty personally guaranteed that plaintiff would receive $100,000 annually from the companies. (Am. Compl. ¶¶ 30-31.) Plaintiff never received any money from the businesses and or the $100,000 per year assurance since 2003. (Am. Compl. ¶¶ 28, 32.)

Plaintiff sought payment on several occasions and in March 2009, defendants' agent James Stanley assured plaintiff "he would be brought current at some point." (Am. Compl. ¶ 36.) Relying on repeated promises and other assurances from defendants, and his personal relationship with defendant Liberty, plaintiff chose not to call the note or to seek legal redress under the DRA. (Am. Compl. ¶¶ 38-39, 65-66.)

PROCEDURAL HISTORY

Plaintiff filed his complaint and a motion for attachment on 7/5/13. Defendants accepted service on 9/17/13 and filed a motion to dismiss and an opposition to plaintiff's motion for attachment on 10/7/13. Plaintiff filed a reply to defendants' opposition and an amended complaint on 10/28/13. Defendants filed an answer to the amended complaint on 11/15/13.

DISCUSSION

1. Standard of Review

On a motion to dismiss, the court "examine[s] the complaint in the light most favorable to plaintiff to determine whether it sets forth elements of a cause

---

[1] Defined in the DRA as "the group of affiliated entities consisting of Liberty Group, LMI, LAS, EBI, Mainland, AHPC, and Liberty."

of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Doe v. Graham, 2009 ME 88, ¶ 2, 977 A.2d 391 (quoting Saunders v. Tisher, 2006 ME 94, ¶ 8, 902 A.2d 830). "Because the statute of limitations is an affirmative defense, a complaint will not be dismissed, pursuant to Rule 12(b)(6), as time-barred 'unless the complaint contains within its four corners allegations of sufficient facts to show the existence and applicability of the defense.'" Francis v. Stinson, 2000 ME 173, ¶ 56, 760 A.2d 209 (quoting Ripley v. Mercier, 482 A.2d 850, 851 (Me. 1984)) (internal citations omitted).

2. Amended Complaint

Rule 15 allows a party to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." M.R. Civ. P. 15(a). "[I]f no responsive pleading has been filed by a defendant prior to its motion to dismiss, a plaintiff may as of right amend his complaint after the motion to dismiss is served." Kasu Corp. v. Blake, Hall & Sprague, Inc., 540 A.2d 1112, 1113 (Me. 1988). Defendants did not file an answer before filing their motion to dismiss. Accordingly, plaintiff was entitled to amend his complaint as of right. Defendant did not file a second motion to dismiss the amended complaint. The court examines counts I, II, and III of plaintiff's amended complaint to determine whether the complaint should be dismissed as untimely.

3. Statute of Limitations

a. Count I: Promissory Note

The statute of limitations for a breach of contract action is six years. 14 M.R.S. § 752 (2013). In his amended complaint, plaintiff states that the 2001 promissory note, the subject of count I, was not cancelled by the DRA. (Am. Compl. ¶ 37.) In October 2010, plaintiff sent a demand for payment on that note.

3

(Am. Compl. ¶ 22.) Accepting these facts, count I of plaintiff's amended complaint will not be dismissed.

### b. Count II: Breach of Contract

Plaintiff argues correctly that the DRA could be an installment contract. "Where a note provides for a fixed succession of installment payments, each installment becomes due and payable at the time specified for its payment and not before." Briggs v. Briggs, 1998 ME 120, ¶ 8, 711 A.2d 1286. Under installment contracts, "the statute of limitations runs only against each installment as it becomes due." McNamara v. City of Nashua, 629 F.3d 92, 96 (N.H. 2011). The DRA contains an annual cash flow assurance from the LGI defendants and defendant Liberty in the amount of $100,000. These payments appear to be due annually. Accordingly, the statute of limitations would not bar any payments due within the six years prior to the filing of the lawsuit.

Plaintiff argues also that because defendants continue to breach the DRA, the statute of limitations is tolled in this case. Plaintiff cites an employment discrimination case, in which the Law Court discusses the continuing violations doctrine. See LePage v. Bath Iron Works Corp. 2006 ME 130, 909 A.2d 629. In that case, however, the Law Court made clear that the doctrine is intended "to toll applicable limitation periods until a reasonable person would have become aware of the facts supporting the claim of discrimination." Id. ¶ 11. Putting aside the obvious differences between an employment discrimination case and a breach of contract case, plaintiff does not argue he did not have notice defendants breached the contract. Plaintiff cites no other authority to support his continuing violations and ongoing breach theories; the court finds none. These doctrines do not apply to the facts of this case.

4

c. <u>Count IV: Equitable Estoppel</u>

In his amended complaint, plaintiff argues that defendants are estopped from asserting a statute of limitations defense to count II. "If the elements are present, estoppel may be applied to prevent an otherwise valid affirmative defense of statute of limitations from successfully being raised." <u>Hanusek v. So. Me. Med. Ctr.</u>, 584 A.2d 634, 636 (Me. 1990). The Law Court has stated,

> The gist of an estoppel barring the defendant from invoking the defense of the statute of limitations is that the defendant has conducted himself in a manner which actually induces the plaintiff not to take timely legal action on a claim. The plaintiff thus relies to his detriment on the conduct of the defendant by failing to seek legal redress while the doors of the courthouse remain open to him.

<u>Id.</u> (quoting <u>Townsend v. Appel</u>, 446 A.2d 1132, 1134 (Me. 1982)) In addition, plaintiff's "reliance on the defendant's conduct . . . must be reasonable." <u>Id.</u> at 636-37.

Plaintiff alleges he relied on the defendants' assurances that the outstanding debts would be paid. Plaintiff further alleges that he waited to file suit because he trusted defendant Liberty and fully expected him to repay his debts. Viewed in the light most favorable to plaintiff, he has set forth the elements of estoppel, which can avoid the application of the statute of limitations defense.

The entry is

The Defendants' Motion to Dismiss is DENIED.

Dated: March 11, 2013

Nancy Mills
Justice, Superior Court

5

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-285

ROBERT FLYNN,

    Plaintiff

v.

MICHAEL LIBERTY, et al.,

    Defendants

ORDER ON PLAINTIFF'S
MOTION FOR ATTACHMENT

Before the court is plaintiff's motion for attachment and attachment on trustee process. M.R. Civ. P. 4A-4B. Plaintiff relies on the affidavits of the plaintiff and plaintiff's attorney. The defendants filed only an objection to plaintiff's motion and relied on the arguments in their motion to dismiss. That motion has been denied.

The standard for granting an attachment is different than the standard for a motion to dismiss. Compare Trans Coastal Corp. v. Curtis, 622 A.2d 1186, 1188 (Me. 1993) ("[B]efore an attachment may be ordered, the court must find by a preponderance of the evidence that the moving party will succeed on its claim and in an amount equal to or greater than the amount of the attachment sought.") with Saunders v. Tisher, 2006 ME 94, ¶ 8, 902 A.2d 830 ("Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim."). Based on this sparse record, the court does not conclude it is more likely than not plaintiff will recover judgment against the defendants. Unlike in the amended complaint, in his affidavit, plaintiff does not specifically mention the 2001

promissory note from American Housing Preservation Corp. Further, plaintiff does not specify conduct on the part of the defendants on which he relied in failing to seek legal redress.

The entry is

> The Plaintiff's Motion for Attachment and Attachment on Trustee Process is DENIED.

Dated: March 11, 2013

Nancy Mills
Justice, Superior Court

2

2 decision

DAVID JOHNSON ESQ
MARCUS CLEGG & MISTRETTA
ONE CANAL PLAZA
SUITE 600
PORTLAND ME 04101-4035

DAVID KREISLER ESQ
TERRY GARMEY & ASSOCIATES
482 CONGRESS ST
SUITE 402
PORTLAND ME 04101