Majority: SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and HUMPHREY, JJ.
Dissent: HJELM and JABAR, JJ.
SAUFLEY, C.J.
[¶ 1] Thomas Maxwell appeals from a summary judgment entered by the Cumberland County Probate Court (Mazziotti, J.) in favor of David Gourevitch, a qualified beneficiary of the George Parsons 1907 Trust, on his complaint for a declaratory judgment that Maxwell is not a beneficiary of the Trust. Because we agree with Maxwell that the undisputed facts establish that Gourevitch’s claim was barred by the statute of limitations, we vacate the judgment.
I. BACKGROUND
[¶2] The summary judgment record contains the following facts, which are not in dispute. See Harlor v. Amica Mut. Ins. Co., 2016 ME 161, ¶ 7, 150 A.3d 793. On November 1,1907, George Parsons executed an indenture creating the George Parsons 1907 Trust. Parsons died on December 4, 1907, without having amended or revoked the Trust. The Trust provides that it will terminate twenty-one years after the death of the last member of a group of named individuals. The last person in that group died in 2002. Thus, the Trust will terminate in 2023.
[¶ 3] The dispute in this case has its genesis in the death of a descendant of George Parsons — Philippa Wistrand — in May 1990, raising the question as to who was to receive her share of the Trust distributions. Philippa was a beneficiary of the Trust and was the unmarried, biological mother of Thomas Maxwell, who was born in 1963 and was adopted by Philippa’s sister, Sylvie Maxwell.[1] Sylvie was also a descendant of George Parsons and a beneficiary of the Trust in the same branch of the family tree. Pursuant to the applicable portion of paragraph 5 of the Trust, Philip-pa’s share of the Trust income was to be paid to her surviving “issue” upon her death, or if there was none, to any surviving siblings or their issue if a sibling was already deceased, with other provisions applying if no siblings survived. Therefore, upon Philippa’s death, a question arose as to whether her share of the income was to be paid to Thomas Maxwell as her surviv *217 ing issue even though he was a nonmarital child,[2] or to Sylvie as her surviving sister.
[¶ 4] At the recommendation of the Trustees, in September and November 1990, Sylvie executed documents to release any rights she had in Philippa’s share of the Trust income and assign those rights to Maxwell. In 1990, the Trustees began distributing income to Maxwell.
[¶ 5] In 1994, addressing a separate matter, the Trustees petitioned the Cumberland County Probate Court for instructions on whether adopted children were included as beneficiaries of the Trust. Although Maxwell had been adopted by Sylvie and received notice of the petition, the Trustees agreed that the court’s decision would not “affect” him, and he did not participate in the proceeding. In the resulting 1995 judgment, the court (JD. Childs, J.) determined that the provisions of the. Trust should be interpreted according to “the rules of construction set by common law during the lifetime of George Parsons.” Applying the common law rules of construction in effect in 1907, the court concluded that Parsons did not intend to include adopted children as beneficiaries, and it instructed the Trustees that the two adopted children who were respondents in that matter were not beneficiaries.
[¶ 6] In 1996, after the court had issued that judgment, one of the Trustees became concerned that no formal' decision had been made about whether Maxwell was a beneficiary entitled in his own right to Philippa’s share of income or whether he was' entitled to receive income only by virtue of the assignments executed by Sylvie. On July 26/1996, the Trustees passed a resolution recognizing Maxwell’s status as Philippa’s biological son and as a beneficiary of the Trust.[3] Maxwell will continue to receive monthly and annual distributions of Trust income while the Trust continues, and will receive ten percent of the corpus of the Trust when the Trust terminates in 2023 if he is then living.
[¶ 7] In April 2014, Gourevitch filed a complaint in the Cumberland County Probate Court requesting a' declaratory judgment that Maxwell, as a nonmarital child, cannot be a beneficiary of the Trust. Gour-evitch is a descendant of George Parsons under the same branch of the family tree as Philippa, Sylvie, and Maxwell and served as a Trustee from 1999 to 2002.
[¶ 8] Gourevitch also alleged in his complaint that Maxwell is not a beneficiary of the Trust because he is an adopted child and requested a declaratory judgment to that effect. As the Probate Court (Maz-ziotti, J.) ultimately noted, however, “Maxwell’s status as an adopted child of Sylvie Maxwell is of no consequence in this proceeding” because, as a result of the court’s 1995 judgment, adopted children are not beneficiaries. Neither party challenges that conclusion on appeal;
[¶ 9] Gourevitch moved for a summary judgment, see M.R. Civ. P. 56(a),[4] arguing that the terms of the Trust entitled him to *218 a judgment as a matter of law because Maxwell was indisputably born to Philippa when she was not married. Maxwell opposed Gourevitch’s motion and' filed a cross-motion for a summary judgment.[5] He argued, among other things, that Gourev-itch’s claim was barred by the statute of limitations.
[¶ 10] In May 2015, the court denied Gourevitch’s motion and granted Maxwell’s cross-motion for a summary judgment based on the statute of limitations. Although the court determined, as a matter of law, that the terms of the Trust did not include nonmarital children as beneficiaries, the court concluded that Gourev-itch’s cause of action to challenge Maxwell’s status was barred by the statute of limitations because it accrued, at the latest, in 1996, when the Trustees formally recognized Maxwell as Philippa’s son and as a beneficiary of the Trust, In reaching that conclusion, the court rejected Gourev-itch’s argument that each monthly payment to Maxwell constituted a breach of fiduciary duty giving rise to a new cause of action. The court likened Gourevitch’s argument to the common law “continuing tort doctrine,” McLaughlin v. Superintending Sch. Comm. of Lincolnville, 2003 ME 114, ¶ 23 n.6, 832 A.2d 782, and concluded that the doctrine did not apply here because the 1996 resolution was a discrete action that created the harm of which Gourevitch complained. The court concluded that Gourevitch’s claim therefore was outside the six-year limitations period, see Í4 M.R.S. § 752 (2016), and that Maxwell was entitled to a judgment as a matter of law on that basis.
[¶ il] On May 19, 2015, Gourevitch filed a timely motion to alter or amend the judgment, see M.R. Civ. P. 59(e),[6] based on a decision that the Supreme Court of the United States had issued on the previous day holding that a hew cause of action accrues each time a trustee breaches' a continuing fiduciary duty owed to .a beneficiary “to monitor investments and remove imprudent ones.” See Tibble v. Edison Int’l, 575 U.S. -, 135 S.Ct. 1823, 1828-29, 191 L.Ed.2d 795 (2015). Gourevitch contended that his complaint was timely because the Trustees had a continuing duty to distribute income only to beneficiaries,. and therefore each payment to Maxwell constituted a new injury.
[¶ 12] While the motion ‘ to alter’ or amend was pending, Gourevitch appealed based on the statute of limitations issue, and Maxwell -cross-appealed the court’s separate determination that, as a nonmari-tal child, he was not a beneficiary. See 18-A M.R.S. § 1-3Ó8 (2016); M.R. App. P. 2. The court then granted Gourevitch’s Rule 59 motion and entered an amended summary judgment in his favor.[7] Accordingly, the court’s final judgment integrates its earlier determination that,'as a matter of law, Maxwell is not a- beneficiary of the Trust, and its later conclusion, based on Tibbie, that Gourevitch’s claim was timely.
[¶ 13] Although the court’s ultimate judgment Ayas in Gourevitch’s favor and he *219 is defending it, in most respects, on this appeal, he remains an appellant because he was the first party to file a notice of appeal. See M.R. App. P. 2(c)(3),
II. DISCUSSION
[¶ 14] A party is entitled to summary judgment when the statements of material fact and referenced evidence 'establish that there is no genuine issue of material fact and that a-party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c). We review de novo the grant of a motion for summary judgment. Fiduciary Tr. Co. v. Wheeler, 2016 ME 26, ¶ 8, 132 A.3d 1178. A genuine issue of fact exists if “sufficient evidence supports a factual contest to require a factfinder to choose between competing versions of the truth at trial.” Baillargeon v. Estate of Daigle, 2010 ME 127, ¶ 12, 8 A.3d 709 (quotation marks omitted).
[¶ 15] Maxwell argues that Gour-evitch’s claim for a declaratory judgment, commenced in 2014, is barred by 14 M.R.S. § 752, which provides' that “civil actions shall be commenced within 6 years after the cause of action accrues arid not after-wards.” A cause of action accrues when a claimant sustains a “judicially cognizable injury.” Estate of Miller, 2008 ME 176, ¶ 25, 960 A.2d 1140 (quotation marks omitted). When the rélevant facts are not in dispute, determining when a cause of action accrued and whether a claim is time-barred are legal questions subject to de novo review. See Estate of Weatherbee, 2014 ME 73, ¶ 14, 93 A.3d 248; McLaughlin, 2003 ME 114, ¶ 12, 832 A.2d 782.
[¶ 16] As courts of other jurisdictions have held, a cause of action based on the breach of a trust. accrues, and the statute of limitations begins to run, at the time of the breach. See Renz v. Beeman, 589 F.2d 735, 743 (2d Cir. 1978) (holding that the statute of limitations was measured from the time of the breach of the trust), cert. denied, 444 U.S. 834, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979); Harris Tr. Bank of Ariz. v. Superior Court, 188 Ariz. 159, 933 P.2d 1227, 1231 (Ct. App. 1996) (holding that the statute of limitations began to run when the trustee “violate[d] one or more of his obligations , to the beneficiary or repudiate^] the trust”); see also Cecil v. Cecil, 712 S.W.2d 353, 355 (Ky. Ct. App. 1986) (holding that the statute of limitations began to run when a beneficiary received written notice of a termination of trust agreement); cf. Tersavich v. First Nat’l Bank & Tr. Co. of Rockford, 194 Ill.App.3d 972, 141 Ill.Dec. 628, 551 N.E.2d 815, 819-20 (1990) (holding that the statute of limitations on an illegitimate child’s claim seeking construction of a trust runs from the later of (1) the child’s reaching the age of majority or (2) the time when the child knows, or should know, that the trustee has “repudiated, disavowed or acted in hostility to the trust” (quotation marks omitted)).[8]
[¶ 17] In some circumstances, determining the date of the breach may be. complicated, such as when a beneficiary claims that a trustee has imprudently retained an investment. See Tibble, 575 U.S. -, 135 S.Ct. at 1828-29. For good reason, the Supreme Court of the United States has held that a trustee has an ongoing duty to monitor the ever-changing performance of invéstments, which may bring the date of accrual within a statute of limitations. See id.
[¶ 18] There is no legal basis, however, to support a continuing duty to moni *220 tor a person’s status as a beneficiary of a heritable trust. To the contrary, as the Court of Appeal of California held, a beneficiary’s challenge to his proportion of trust income may be barred if proportionate shares have been paid for the requisite limitation period. See Getty v. Getty, 187 Cal.App.3d 1159, 1168-69, 232 Cal.Rptr. 603 (Cal. Ct. App. 1986). In Getty, a beneficiary’s claim was barred because he did not take legal -action until after distributions had been made in consistent proportions for about twenty-five years following his attainment of adulthood. Id.
[¶ 19] We have also previously held that statutes of limitations begin to run when discrete events make potential litigants aware of possible claims. Specifically, we held that a health care trust’s cause of action for unjust enrichment against its beneficiary accrued upon the beneficiary’s settlement of an automobile insurance claim and did not continue to accrue each time monthly annuity payments to the injured beneficiary were made pursuant to the terms of that settlement. Me. Mun. Emps. Health Tr. v. Maloney, 2004 ME 51, ¶¶ 2-3, 10, 846 A.2d 336.
[¶ 20] Nor do Maine’s statutes establish any “continuing” duty to determine who is a beneficiary. A trustee' may fulfill the duty to administer a trust “in accordance with its terms and purposes,” 18-B M.R.S. § 801 (2016), and “considering ... distributional requirements,” 18-B M.R.S. § 804 (2016), by determining, upon the death of a beneficiary, whether there áre any new beneficiaries and who those beneficiaries are. The determination of beneficiaries is not a decision that requires repeated reconsideration simply because the trust calls for thé periodic distribution of trust income.
[¶ 21] Having a fixed date of accrual is consistent with the purpose of statutes of limitations “to provide eventual repose for potential defendants and to avoid the necessity of defending stale claims.” Angell v. Hallee, 2012 ME 10, ¶ 8, 36 A.3d 922 (quotation marks omitted). To hold to the contrary would allow a trust beneficiary to initiate a court challenge at any time after another beneficiary is determined, as long as income distributions are being made. Such a holding would improperly elevate each ordinary income distribution to a fresh determination of beneficiary status and would result in a statute of limitations that, for no meaningful reason, may apply differently to trusts that call for income distribution as compared with trusts that do not.
[¶ 22] Turning to the facts at issue here, as the Probate Court held before reaching a new holding based on Tibble, 575 U.S. -, 135 S.Ct. at 1828-29, any cause of action arising from the determination that Maxwell was a beneficiary of the Trust accrued no later than 1996 when a formal resolution was passed recognizing Maxwell as Philippa’s biological son and determining that Maxwell was a legally cognizable beneficiary. That is the event that triggered the running of the six-year statute of limitations. See 14 M.R.S. § 752.
[¶ 23] The only way Gourevitch’s complaint could proceed would be if the statute of limitations were tolled. The common law discovery rule tolls the statute of limitations only if there is “a fiduciary relationship between the plaintiff and defendant, the plaintiff must rely upon the defendant’s advice as a fiduciary, and the cause of action [is] virtually undiscoverable absent an independent investigation that would be destructive of the fiduciary relationship.” Nevin v. Union Tr. Co., 1999 ME 47, ¶ 25, 726 A.2d 694.
[¶ 24] The pertinent facts are these. Maxwell’s biological mother died in 1990. His adoptive mother released her then ad *221 ditional share to Maxwell voluntarily. In 1994, the trustees sought clarification from the Cumberland County Probate Court about whether adopted children could be beneficiaries pursuant to the terms of the trust, and the court determined that they could not.
[¶ 25] In 1996, the trustees passed a formal resolution determining that Maxwell was Philippa’s biological son and. was a beneficiary of the Trust. Thereafter, Maxwell continued to receive regular payments as the child of his biological mother. These were the circumstances that existed when Gourevitch became a trustee in 1999.
[¶ 26] Gourevitch was a trustee from 1999 to 2002, during which time he had the full ability to determine why Maxwell was receiving Trust income distributions while the woman Gourevitch believed to be Maxwell’s mother was still living — a circumstance that is fully contrary to the Trust’s provision that “in no case does issue take till the death of the parent'whom it represents.” Instead, Gourevitch participated as a trustee in continuing to make distributions to Maxwell. He does not receive the benefit of tolling because he had both the reason and the ability to discover the claim when he was serving as a trustee but did not commence legal action until 2014— twelve years after ending his service as a trustee and eighteen years after the date of the Trustees’ resolution declaring Maxwell to be a beneficiary as the child of Philippa. See id.
[¶ 27] Because the statute of limitations has run, we do not reach Maxwell’s challenge to the Probate Court’s ruling, on the merits of Gourevitch’s complaint, that Maxwell would not have been a beneficiary of the Trust had the challenge been made in a timely manner. We vacate the Probate Court’s amended judgment and remand the matter for the court to deny Gourev-itch’s motion for summary judgment and grant Maxwell’s motion for summary judgment. . •
The entry is:
Judgment vacated. Remanded.for the court to deny Gourevitch’s motion for summary judgment and grant Maxwell’s motion for summary judgment.

. Thomas Maxwell’s name at birth was Christian Wistrand, but he was renamed when he was adopted by Sylvie Maxwell.

. In this opinion, we use the term "nonmari-tal child” rather than the outdated phrase "child bom out of wedlock."

. Gourevitch averred in his affidavit, which he referenced in his statement of material facts, that after Sylvie died in 2012, the Trustees "voted to go ahead and make distributions” to Maxwell as a beneficiary. He argues on appeal that this is the date when distributions became wrongful. By that date, however, Maxwell had already been receiving benefits since 1996 based on the Trustees' determination of his status as Philippa’s biological son — the status that Gourevitch now challenges.

."Rule 56 of the Maine Rules of Civil Procedure governs procedure in all formal probate and civil proceedings in the Probate Courts.” M.R. Prob. P. 56.

. The Trustees also filed an opposition and cross-motion for a summary judgment supporting Maxwell’s position. In its final, judgment, the court denied the Trustees’ motion, and they do not appeal.

. "Rule 59 of the Maine Rules of Civil Procedure governs procedure in all formal probate and civil proceedings in the Probate Courts.” M.R. Prob. P. 59.

.With respect to the pending appeal, in response to the Trustees' motion to stay, we enlarged the time for’ the Probate Court to transmit its record to twenty-one days after it disposed of all pending post-judgment motions. See M.R. App. 2(b)(3), (4), 3(b)(4).

. See also George Gleason Bogert & George Taylor Bogert, The Law of Trusts and Trustees § 951, at 638 (rev. 2d ed. 1995) ("To cause the Statute to begin running during the life of the trust there must be some unequivocal act in violation of the duties of .the trustee ....”),