STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-0326

CROCKER CIRQUE II, LLC,
RICHARD J. GODUITI, and
JAMES P. GODUTI,

Plaintiffs

v.

RICHARD J. ABBODANZA, ESQ.,
JAMES HOPKINSON, ESQ., and
HOPKINSON & ABBONDANZA,
P.A.,

Defendants

ORDER ON MOTION FOR
RECONSIDERATION

REC'D CUMB CLERKS OFC
AUG 1 '19 AM8:51

Before the court is plaintiffs Crocker Cirque II, LLC, Richard Goduti, and James P. Goduti's motion for reconsideration and/or clarification of order on motion for summary judgment. For the following reasons, the motion is denied.

I.    Background

Plaintiffs filed the original complaint on August 29, 2017. Plaintiffs filed the amended complaint on August 14, 2018. In the amended complaint, plaintiffs alleged negligence and breach of fiduciary duty and added defendant James Hopkinson, Esq. Plaintiffs alleged defendants Abbondanza and Hopkinson & Abbondanza breached the duty of care and were negligent by:

a) failing to consult with Plaintiffs regarding a change to the time period for exercising declarant rights;
b) failing to advise Plaintiffs of the reduction in the time period for Crocker Cirque II, LLC to exercise its right to declare additional units from ten (10) years to seven (7) years after filing the Amended and Restated Declaration of Fall Line Condominium;
c) failing in June of 2012 to advise Plaintiffs that declaration rights had to be exercised prior to April 13, 2013;

1

d) failing in June of 2012 to advise Plaintiffs to amend the Fall Line Condominium Declaration based on their knowledge of the ongoing and continuing nature of the condominium project; and

e) failing in May of 2015 to advise Plaintiffs that their rights to declare additional units had already expired.

(Pls.' Amend. Compl. ¶ 44.) Plaintiffs also alleged defendants Hopkinson and Hopkinson & Abbondanza breached their fiduciary duties by failing to advise plaintiffs that they should not proceed with the new phase of construction in light of the expiration of their declarant rights. (Pls.' Amend. Compl. ¶ 63.)

In June 2018, plaintiffs filed an expert witness designation for John Cunningham, Esq., and Mark Powers, CPA, CVA. On November 30, 2018 defendants filed a motion for summary judgment. Plaintiffs filed an opposition to the motion for summary judgment on December 13, 2018. Defendants filed their reply on December 26, 2018. By order dated March 1, 2019, the court granted defendants' motion for summary judgment. (Mar. 1, 2019 Order.)

On March 5, 2019, defendants filed a motion in limine to exclude or limit plaintiffs' expert Marc Powers's testimony and plaintiffs filed a motion in limine to exclude a portion of the opinions of defendants' liability expert, Michael O'Toole, Esq. The court declared both motions moot on March 8, 2019.

Plaintiffs filed a motion for reconsideration and/or clarification pursuant to Rule 59(e) on March 12, 2019. Defendants filed an objection and response on April 2, 2019. Plaintiffs filed a reply on April 9, 2019.

II.    Standard of Review

"Motions for reconsideration of an order shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). The court treats a motion for reconsideration of the judgment as a motion to

2

alter or amend the judgment. M.R. Civ. P. 59(e). A court need not grant a Rule 59(e) motion "unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." Cates v. Farrington, 423 A.2d 539, 541 (Me. 1980). The moving party bears the burden of showing harmful error. Id. (internal citation omitted). A Rule 59(e) motion on a trial before a judge without a jury must be based on a manifest error of law or mistake of fact. Id. "Although most of the cases employing Rule 59(e) involve instances in which the initial judgment was erroneous because of a mistake of fact or as a matter of law," a court has "power under Rule 59(e) when the initial judgment is revised solely to reach what the revising court deems a more just result." Most v. Most, 477 A.2d 250, 258 (Me. 1984).

III. Discussion

Plaintiffs argue that the court erred in failing to determine that the alleged failure to advise in 2012 and 2015 were separate acts of negligence. (Pls.' Mot. Reconsideration 2.) Plaintiffs argue that if the court found these actions to be negligent, granting summary judgment was an error of law. (Pls.' Mot. Reconsideration 2-3.) Plaintiffs argue next that the court did not state whether there was a genuine issue of material fact regarding defendant's alleged negligence in 2012 and 2015 or whether those facts were undisputed and defendants were entitled to judgment as a matter of law. (Pls.' Mot. Reconsideration 2-3.) Finally, plaintiffs argue the court erred in its ruling on tolling the statute of limitations because plaintiffs now allege they were not able to protect their own interests. (Pls.' Mot. Reconsideration 3.)

Defendants argue the issues plaintiffs now raise were previously addressed both through motions and the court's order. (Defs.' Opp'n to Pls.' Mot. Reconsideration 2.) Defendants also argue the court appropriately addressed the issues raised in defendants' motion for summary judgment. (Defs.' Opp'n to Pls.' Mot. Reconsideration 2.)

3

When the relevant facts are not in dispute, determining *when* a cause of action accrued and whether a claim is time-barred are legal questions. In re George Parsons 1907 Trust, 2017 ME 188, ¶15, 170 A.3d 215. This court determined the alleged cause of action accrued when defendants failed to give advice regarding the deadline to declare additional units, beginning at the latest in 2006 when the amended declaration was signed by plaintiff Richard Goduti. The complaint was filed on August 29, 2017. Accordingly, the court concluded all claims were barred by the statute of limitations. See 14 M.R.S. § 753-B (2017).

1. 2012 and 2015 Alleged Negligent Acts

Plaintiffs argue that defendants' acts in 2012 and 2015 were "standalone negligent acts" and not additional calendar dates relating back to earlier negligent acts under a continuing duty theory. (Pls.' Mot. Reconsideration 2.) In their motion for summary judgment, defendants argued that their alleged negligence occurred in 2005 or 2006. (Defs.' Mem. SJ 2-3, 11-12.) Although plaintiffs alleged in their complaint the alleged negligent failure to advise in 2015, plaintiffs did not argue in the motion for summary judgment that the 2015 failure to advise was a separate act of negligence. (Pls.' Mem. 10-15.) Accordingly, defendants did not address the 2015 alleged negligence in their reply memorandum. (Defs.' Reply Mem. 2-5.) The court did not address the 2015 alleged negligence in its order. (March 1, 2019 Order 1-5.)

Plaintiffs further complain that the court did not state whether the summary judgment record contained a genuine dispute of material fact regarding alleged negligent acts occurring during those timeframes or whether the court concluded the facts were undisputed and compelled judgment as a matter of law for defendants. The issue is whether an act is a separate cause of

---

' "In actions alleging professional negligence, malpractice, or breach of contract for legal service by a licensed attorney, the statute of limitations starts to run from the date of the act or omission giving rise to the injury, not from the discovery of the malpractice, negligence, or breach of contract. . . ." 14 M.R.S. § 753-B.

4

action, not whether the act is allegedly negligent. In this case, the court concluded that "[a] recitation of the provisions of a document created in 2006 does not create a separate cause of action." (March 1, 2019 Order 5.)

That conclusion is supported by Packgen, Inc. v. Berstein, Shur, Sawyer & Nelson, P.A., 2019 ME 90, 209 A.3d 116. In Packgen, the court concluded that the act giving rise to the client's alleged injury occurred on May 29, 2008, when defendant sent an inaccurate notice of claim. See Packgen, at ¶ 5. The court concluded that the doctrines of continuing representation and continuing negligence did not save plaintiff's claim from defendant's statute of limitations defense, even though defendant made no effort in the years after 2008 to serve a valid notice of claim, to pursue the case diligently, or to inform plaintiff about the case. Id. at ¶¶ 5, 14. The Law Court concluded that the accrual of a cause of action for attorney negligence is limited to the "act or omission giving rise to the injury" and "not to the attorney's ongoing failure to correct that singular act or omission." Id. at ¶ 36; 14 M.R.S. § 753-B.

Contrary to plaintiffs' suggestion in their letter to the court dated June 7, 2019, the Law Court, in Packgen, specifically rejected the application of the medical malpractice doctrine of continuing negligence based on defendant's ongoing acts of alleged negligence after 2008. Packgen, at ¶¶ 31-35; see Baker v. Farrand, 2011 ME 91, ¶ 25, 26 A.3d 806.

2. Tolling of Statute of Limitations

Plaintiffs rely on In re George Parsons 1907 Trust to argue that the statute should be tolled because defendants' alleged negligence was "virtually undiscoverable." Attorneys "necessarily share a fiduciary relationship of the highest confidence" with their clients. Anderson v. Neal, 428 A.2d 1189, 1191 (Me. 1981), superseded by statute, 14 M.R.S. § 753-B. Because every attorney is a fiduciary to the client, every instance of malpractice is a potential breach. Applying the

5

discovery rule to every case of legal malpractice would "gut 14 M.R.S. § 753-B and directly contradict the Legislature's directive." Haskell v. Hastings, 2010 Me. Super. LEXIS 120, *19 (Sept. 28, 2010). Accordingly, the "common law discovery rule tolls the statute of limitations only if there is a fiduciary relationship between the plaintiff and defendant, the plaintiff must rely upon the defendant's advice as a fiduciary, and the cause of action is virtually undiscoverable absent an independent investigation that would be destructive of the fiduciary relationship." In re George Parsons 1907 Trust, 2017 ME 188, ¶ 23, 170 A.3d 215 (internal citation omitted). On this record, plaintiffs have failed to raise a genuine issue of material fact that defendants' alleged negligence was "virtually undiscoverable."

Plaintiffs argue next that the court erred on the issue of tolling the statute of limitations because it determined "plaintiffs do not claim that they were unable to protect their own interest." (March 1, 2019 Order 5.) Under the equitable doctrine of adverse domination,

> the statute of limitations applicable to a corporation's cause of action against controlling directors who are culpable of wrongdoing may be tolled in some circumstances where the culpable officers would have a duty to institute the action on behalf of the corporation against themselves. The doctrine provides for equitable tolling in situations where controlling officers conceal their culpable conduct from those who would otherwise bring an action on the corporation's behalf, or where they control the corporation to the extent that they could refuse to allow it to act in its best interest.

Miller v. Miller, 2017 ME 155, ¶ 15, 167 A.3d 1252 (internal citation omitted). The doctrine has been applied to an attorney who has a fiduciary duty. See Bornstein v. Poulos, 793 F.2d 444, 448 (1st Cir. 1986) (statute of limitations was tolled when an attorney owed a separate fiduciary duty to a corporation that was unable to protect its own interests.); see also Livermore Falls Trust & Banking Co. v. Riley, 108 Me. 17, 23 (1911); Long v. Jeremiah D. Newbury & Pierce, 1994 Me. Super. LEXIS 207, *22 (May 27, 1994). The existence of an attorney's fiduciary duty to clients does not prohibit clients from protecting

6

their own interests. See Haskell v. Hastings, 2010 Me. Super. LEXIS 120, *19 (Sept. 28, 2010). In this case, construing facts in the light most favorable to plaintiffs, they did not raise a genuine issue of material fact that plaintiffs were unable to protect their own interests.

The entry is

Plaintiffs' Motion for Reconsideration is DENIED.

Date: July 31, 2019

Nancy Mills
Justice, Superior Court