(Slip Opinion)          OCTOBER TERM, 2014          1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## TIBBLE ET AL. *v.* EDISON INTERNATIONAL ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 13–550.   Argued February 24, 2015—Decided May 18, 2015

In 2007, petitioners, beneficiaries of the Edison 401(k) Savings Plan (Plan), sued Plan fiduciaries, respondents Edison International and others, to recover damages for alleged losses suffered by the Plan from alleged breaches of respondents' fiduciary duties.  As relevant here, petitioners argued that respondents violated their fiduciary duties with respect to three mutual funds added to the Plan in 1999 and three mutual funds added to the Plan in 2002.  Petitioners argued that respondents acted imprudently by offering six higher priced retail-class mutual funds as Plan investments when materially identical lower priced institutional-class mutual funds were available.  Because ERISA requires a breach of fiduciary duty complaint to be filed no more than six years after "the date of the last action which constitutes a part of the breach or violation" or "in the case of an omission the latest date on which the fiduciary could have cured the breach or violation," 29 U. S. C. §1113, the District Court held that petitioners' complaint as to the 1999 funds was untimely because they were included in the Plan more than six years before the complaint was filed, and the circumstances had not changed enough within the 6-year statutory period to place respondents under an obligation to review the mutual funds and to convert them to lower priced institutional-class funds.  The Ninth Circuit affirmed, concluding that petitioners had not established a change in circumstances that might trigger an obligation to conduct a full due diligence review of the 1999 funds within the 6-year statutory period.

*Held*: The Ninth Circuit erred by applying §1113's statutory bar to a breach of fiduciary duty claim based on the initial selection of the investments without considering the contours of the alleged breach of fiduciary duty.  ERISA's fiduciary duty is "derived from the common

law of trusts," *Central States, Southeast & Southwest Areas Pension Fund* v. *Central Transport, Inc.*, 472 U. S. 559, 570, which provides that a trustee has a continuing duty—separate and apart from the duty to exercise prudence in selecting investments at the outset—to monitor, and remove imprudent, trust investments. So long as a plaintiff's claim alleging breach of the continuing duty of prudence occurred within six years of suit, the claim is timely. This Court expresses no view on the scope of respondents' fiduciary duty in this case, *e.g.*, whether a review of the contested mutual funds is required, and, if so, just what kind of review. A fiduciary must discharge his responsibilities "with the care, skill, prudence, and diligence" that a prudent person "acting in a like capacity and familiar with such matters" would use. §1104(a)(1). The case is remanded for the Ninth Circuit to consider petitioners' claims that respondents breached their duties within the relevant 6-year statutory period under §1113, recognizing the importance of analogous trust law. Pp. 4–8.

729 F. 3d 1110, vacated and remanded.

BREYER, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the
preliminary print of the United States Reports. Readers are requested to
notify the Reporter of Decisions, Supreme Court of the United States, Wash-
ington, D. C. 20543, of any typographical or other formal errors, in order
that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 13–550

GLENN TIBBLE, ET AL., PETITIONERS *v.*
EDISON INTERNATIONAL ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE NINTH CIRCUIT

[May 18, 2015]

JUSTICE BREYER delivered the opinion of the Court.

Under the Employee Retirement Income Security Act of
1974 (ERISA), 88 Stat. 829 *et seq.*, as amended, a breach
of fiduciary duty complaint is timely if filed no more than
six years after "the date of the last action which constituted
a part of the breach or violation" or "in the case of an
omission the latest date on which the fiduciary could have
cured the breach or violation." 29 U. S. C. §1113. The
question before us concerns application of this provision to
the timeliness of a fiduciary duty complaint. It requires
us to consider whether a fiduciary's allegedly imprudent
retention of an investment is an "action" or "omission" that
triggers the running of the 6-year limitations period.

In 2007, several individual beneficiaries of the Edison
401(k) Savings Plan (Plan) filed a lawsuit on behalf of the
Plan and all similarly situated beneficiaries (collectively,
petitioners) against Edison International and others (col-
lectively, respondents). Petitioners sought to recover
damages for alleged losses suffered by the Plan, in addi-
tion to injunctive and other equitable relief based on al-

leged breaches of respondents' fiduciary duties.

The Plan is a defined-contribution plan, meaning that participants' retirement benefits are limited to the value of their own individual investment accounts, which is determined by the market performance of employee and employer contributions, less expenses. Expenses, such as management or administrative fees, can sometimes significantly reduce the value of an account in a defined-contribution plan.

As relevant here, petitioners argued that respondents violated their fiduciary duties with respect to three mutual funds added to the Plan in 1999 and three mutual funds added to the Plan in 2002. Petitioners argued that respondents acted imprudently by offering six higher priced retail-class mutual funds as Plan investments when materially identical lower priced institutional-class mutual funds were available (the lower price reflects lower administrative costs). Specifically, petitioners claimed that a large institutional investor with billions of dollars, like the Plan, can obtain materially identical lower priced institutional-class mutual funds that are not available to a retail investor. Petitioners asked, how could respondents have acted prudently in offering the six higher priced retail-class mutual funds when respondents could have offered them effectively the same six mutual funds at the lower price offered to institutional investors like the Plan?

As to the three funds added to the Plan in 2002, the District Court agreed. It wrote that respondents had "not offered any credible explanation" for offering retail-class, *i.e.,* higher priced mutual funds that "cost the Plan participants wholly unnecessary [administrative] fees," and it concluded that, with respect to those mutual funds, respondents had failed to exercise "the care, skill, prudence and diligence under the circumstances" that ERISA demands of fiduciaries. No. CV 07–5359 (CD Cal., July 8, 2010), App. to Pet. for Cert. 65, 130, 142, 109.

As to the three funds added to the Plan in 1999, how-
ever, the District Court held that petitioners' claims were
untimely because, unlike the other contested mutual
funds, these mutual funds were included in the Plan more
than six years before the complaint was filed in 2007. 639
F. Supp. 2d 1074, 1119–1120 (CD Cal. 2009). As a result,
the 6-year statutory period had run.

The District Court allowed petitioners to argue that,
despite the 1999 selection of the three mutual funds, their
complaint was nevertheless timely because these funds
underwent significant changes *within* the 6-year statutory
period that should have prompted respondents to undertake
a full due-diligence review and convert the higher priced
retail-class mutual funds to lower priced institutional-
class mutual funds. App. to Pet. for Cert. 142–150.

The District Court concluded, however, that petitioners
had not met their burden of showing that a prudent fidu-
ciary would have undertaken a full due-diligence review of
these funds as a result of the alleged changed circum-
stances. According to the District Court, the circumstances
had not changed enough to place respondents under an
obligation to review the mutual funds and to convert them
to lower priced institutional-class mutual funds. *Ibid.*

The Ninth Circuit affirmed the District Court as to the
six mutual funds. 729 F. 3d 1110 (2013). With respect to
the three mutual funds added in 1999, the Ninth Circuit
held that petitioners' claims were untimely because peti-
tioners had not established a change in circumstances that
might trigger an obligation to review and to change in-
vestments within the 6-year statutory period. Petitioners
filed a petition for certiorari asking us to review this latter
holding. We agreed to do so.

Section 1113 reads, in relevant part, that "[n]o action
may be commenced with respect to a fiduciary's breach of
any responsibility, duty, or obligation" after the earlier of

"six years after (A) the date of the last action which consti-
tuted a part of the breach or violation, or (B) in the case of
an omission the latest date on which the fiduciary could
have cured the breach or violation." Both clauses of that
provision require only a "breach or violation" to start the
6-year period. Petitioners contend that respondents
breached the duty of prudence by offering higher priced
retail-class mutual funds when the same investments
were available as lower priced institutional-class mutual
funds.

The Ninth Circuit, without considering the role of the
fiduciary's duty of prudence under trust law, rejected
petitioners' claims as untimely under §1113 on the basis
that respondents had selected the three mutual funds
more than six years before petitioners brought this action.
The Ninth Circuit correctly asked whether the "last action
which constituted a part of the breach or violation" of
respondents' duty of prudence occurred *within* the rele-
vant 6-year period. It focused, however, upon the act of
"designating an investment for inclusion" to start the 6-
year period. 729 F. 3d, at 1119. The Ninth Circuit stated
that "[c]haracterizing the mere continued offering of a
plan option, without more, as a subsequent breach would
render" the statute meaningless and could even expose
present fiduciaries to liability for decisions made decades
ago. *Id.,* at 1120. But the Ninth Circuit jumped from this
observation to the conclusion that *only* a significant
change in circumstances could engender a new breach of a
fiduciary duty, stating that the District Court was "entirely
correct" to have entertained the "possibility" that "sig-
nificant changes" occurring "within the limitations period"
might require "'a full due diligence review of the funds,'"
equivalent to the diligence review that respondents con-
duct when adding new funds to the Plan. *Ibid.*

We believe the Ninth Circuit erred by applying a statu-

tory bar to a claim of a "breach or violation" of a fiduciary duty without considering the nature of the fiduciary duty. The Ninth Circuit did not recognize that under trust law a fiduciary is required to conduct a regular review of its investment with the nature and timing of the review contingent on the circumstances. Of course, after the Ninth Circuit considers trust-law principles, it is possible that it will conclude that respondents did indeed conduct the sort of review that a prudent fiduciary would have conducted absent a significant change in circumstances.

An ERISA fiduciary must discharge his responsibility "with the care, skill, prudence, and diligence" that a prudent person "acting in a like capacity and familiar with such matters" would use. §1104(a)(1); see also *Fifth Third Bancorp* v. *Dudenhoeffer*, 573 U. S. \_\_\_ (2014). We have often noted that an ERISA fiduciary's duty is "derived from the common law of trusts." *Central States, Southeast & Southwest Areas Pension Fund* v. *Central Transport, Inc.*, 472 U. S. 559, 570 (1985). In determining the contours of an ERISA fiduciary's duty, courts often must look to the law of trusts. We are aware of no reason why the Ninth Circuit should not do so here.

Under trust law, a trustee has a continuing duty to monitor trust investments and remove imprudent ones. This continuing duty exists separate and apart from the trustee's duty to exercise prudence in selecting investments at the outset. The Bogert treatise states that "[t]he trustee cannot assume that if investments are legal and proper for retention at the beginning of the trust, or when purchased, they will remain so indefinitely." A. Hess, G. Bogert, & G. Bogert, Law of Trusts and Trustees §684, pp. 145–146 (3d ed. 2009) (Bogert 3d). Rather, the trustee must "systematic[ally] conside[r] all the investments of the trust at regular intervals" to ensure that they are appropriate. Bogert 3d §684, at 147–148; see also *In re Stark's Estate*, 15 N. Y. S. 729, 731 (Surr. Ct. 1891) (stating that a

trustee must "exercis[e] a reasonable degree of diligence in looking after the security after the investment had been made"); *Johns* v. *Herbert*, 2 App. D. C. 485, 499 (1894) (holding trustee liable for failure to discharge his "duty to watch the investment with reasonable care and diligence"). The Restatement (Third) of Trusts states the following:

> "[A] trustee's duties apply not only in making investments but also in monitoring and reviewing investments, which is to be done in a manner that is reasonable and appropriate to the particular investments, courses of action, and strategies involved." §90, Comment *b*, p. 295 (2007).

The Uniform Prudent Investor Act confirms that "[m]anaging embraces monitoring" and that a trustee has "continuing responsibility for oversight of the suitability of the investments already made." §2, Comment, 7B U. L. A. 21 (1995) (internal quotation marks omitted). Scott on Trusts implies as much by stating that, "[w]hen the trust estate includes assets that are inappropriate as trust investments, the trustee is ordinarily under a duty to dispose of them within a reasonable time." 4 A. Scott, W. Fratcher, & M. Ascher, Scott and Ascher on Trusts §19.3.1, p. 1439 (5th ed. 2007). Bogert says the same. Bogert 3d §685, at 156–157 (explaining that if an investment is determined to be imprudent, the trustee "must dispose of it within a reasonable time"); see, *e.g., State Street Trust Co.* v. *DeKalb*, 259 Mass. 578, 583, 157 N. E. 334, 336 (1927) (trustee was required to take action to "protect the rights of the beneficiaries" when the value of trust assets declined).

In short, under trust law, a fiduciary normally has a continuing duty of some kind to monitor investments and remove imprudent ones. A plaintiff may allege that a fiduciary breached the duty of prudence by failing to

properly monitor investments and remove imprudent ones. In such a case, so long as the alleged breach of the continuing duty occurred within six years of suit, the claim is timely. The Ninth Circuit erred by applying a 6-year statutory bar based solely on the initial selection of the three funds without considering the contours of the alleged breach of fiduciary duty.

The parties now agree that the duty of prudence involves a continuing duty to monitor investments and remove imprudent ones under trust law. Brief for Petitioners 24 ("Trust law imposes a duty to examine the prudence of existing investments periodically and to remove imprudent investments"); Brief for Respondents 3 ("All agree that a fiduciary has an ongoing duty to monitor trust investments to ensure that they remain prudent"); Brief for United States as *Amicus Curiae* 7 ("The duty of prudence under ERISA, as under trust law, requires plan fiduciaries with investment responsibility to examine periodically the prudence of existing investments and to remove imprudent investments within a reasonable period of time"). The parties disagree, however, with respect to the scope of that responsibility. Did it require a review of the contested mutual funds here, and if so, just what kind of review did it require? A fiduciary must discharge his responsibilities "with the care, skill, prudence, and diligence" that a prudent person "acting in a like capacity and familiar with such matters" would use. §1104(a)(1). We express no view on the scope of respondents' fiduciary duty in this case. We remand for the Ninth Circuit to consider petitioners' claims that respondents breached their duties within the relevant 6-year period under §1113, recognizing the importance of analogous trust law.

A final point: Respondents argue that petitioners did not raise the claim below that respondents committed new breaches of the duty of prudence by failing to monitor their investments and remove imprudent ones absent a

significant change in circumstances.  We leave any questions of forfeiture for the Ninth Circuit on remand.  The Ninth Circuit's judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*