EDWARDS, Senior Circuit Judge,
concurring:
I do not take issue with anything in the opinion for the court. I write only to emphasize what we do not decide today.
I agree that Coburn’s claim of “outsized and unnecessary retirement savings risk” is foreclosed by the Supreme Court’s decision in Fifth Third Bancorp v. Dudenhoeffer, — U.S. —, 134 S.Ct. 2459, 189 L.Ed.2d 457 (2014). I write separately to emphasize that, in affirming the judgment of the District Court, we do not mean to denigrate the viability of a separate “duty to monitor” claim under Tibble v. Edison International, — U.S. —, 135 S.Ct. 1823, 191 L.Ed.2d 795 (2015). Although Coburn raised a duty to monitor cause of action with the District Court, she failed to preserve the claim and raise it on appeal. It is therefore forfeited.
Coburn raised two separate theories in support of her complaint alleging that Ev-ercore breached its fiduciary duty. First, Coburn claimed that Evercore “knew or should have known that Company stock was not a suitable and appropriate investment for the Plan, but was, instead, a highly speculative and risky investment.” Complaint ¶ 69, reprinted in Joint Appendix (“J.A.”) 24. Second, Coburn claimed that “Evercore Trust failed to engage in proper monitoring of the Company Stock Fund.” Complaint ¶ 53, J.A. 20. Specifically, Coburn argued that Evercore “fail[ed] to have in place rudimentary trip wires that would have spurred a prudent fiduciary into action.” Complaint ¶ 54, J.A. 20.
Coburn cited facts indicating that J.C. Penne/s stock plummeted between 2012 and 2013 because of CEO Ron Johnson’s poor management. Johnson’s misguided approach, including changes to J.C. Penney’s pricing, the “store experience,” and the merchandise offered, cost the company stock plan approximately $300 million. See Complaint ¶¶ 19-20, 36-37, J.A. 11, 14-15. In the wake of Johnson’s firing, analysts described Johnson’s reign as “a tumultuous 17 months,” Stephanie Clifford, Chief’s Silicon Valley Stardom Quickly Clashed at J.C. Penney, N.Y. Times, Apr. 10, 2013, at Al; “a troubled stint,” Daisuke Wakabayashi, Corporate News: Apple Ex-Retail Chief Leads Startup, Wall St. J., Oct. 24, 2014, at B2; and an “abysmal tenure,” Sean Williams, The Motley Fool’s Worst CEO of the Year Is ..., Motley Fool (Dec. 12, 2013, 10:05 AM), http://www.fool. com/investing/general/2013/12/12/the-motley-fools-worst-ceo-of-the-year-is-2. aspx. Asked to describe Johnson’s performance, a prominent former CEO responded: “There is nothing good to say about what he’s done.” James Surowiecki, The Turnaround Trap, New Yorker, Mar. 25, 2013, at 44.
In light of these uncontested facts, Co-burn asserted that Evercore did “absolutely nothing,” even though its “sole responsibility was to evaluate and monitor the *977 performance of a single equity.” Complaint ¶¶ 52, 53, J.A. 19-20. Given the facts and allegations pled, it is hard to comprehend how Coburn’s complaint could not survive a motion to dismiss under Tibbie.
The opinion for the court properly distinguishes, as Coburn did, distinct theories of a breach of fiduciary duty:
Whereas Dudenhoejfer primarily focuses on allegations of misvaluation in the marketplace, see 134 S.Ct. at 2471, Tibble focuses on the prudence of holding particular investments over time, requiring a fiduciary to “conduct a regular review of its investment with the nature and timing of the review contingent on the circumstances.” 135 S.Ct. at 1827-28.
Maj. Op. Part II n.2. These theories are fundamentally different: Dudenhoeffer addresses the “over- or undervaluing” of a stock, 134 S.Ct. at 2471; Tibbie, in turn, addresses the “failure] to properly monitor investments,” 135 S.Ct. at 1829. Broadly speaking, Dudenhoejfer involves the substance of investment decisions, while Tibbie has to do with a fiduciary’s obligation to monitor those decisions. These theories embrace distinct, albeit not mutually exclusive,, causes of action for violations of a fiduciary’s duty.
I recognize that the holding in Tibbie may be in tension with some of what the Court said in Dudenhoeffer. Nevertheless, Tibbie post-dates Dudenhoeffer, and it is quite clear in what it says:
Under trust law, a trustee has a continuing duty to monitor trust investments and remove imprudent ones. This continuing duty exists separate and apart from the trustee’s duty to exercise prudence in selecting investments at the outset. The Bogert treatise states that “[t]he trustee cannot assume that if investments are legal and proper for retention at the beginning of the trust, or when purchased, they will remain so indefinitely.” A. Hess, G. Bogert, & G. Bogert, Law of Trusts, and Trustees § 684, pp. 145-146 (3d ed. 2009) (Bogert 3d). Rather, the trustee must “systematically] conside[r] all the investments of the trust at regular intervals” to ensure that they are appropriate. Bogert 3d § 684, at 147-148.
[[Image here]]
In short, under trust law, a fiduciary normally has a continuing duty of some kind to monitor investments and remove imprudent ones. A plaintiff may allege that a fiduciary breached the duty of prudence by failing to properly monitor investments and remove imprudent ones.
135 S.Ct. at 1828-29 (alterations in original).
It seems plain to me that Appellant’s complaint and her árgument to the District Court stated a cause of action under Tibbie that easily should have survived a motion to dismiss. See Moreno v. Deutsche Bank Americas Holding Corp., 15 Civ. 9936, 2016 WL 5957307, at *5-7 (S.D.N.Y. Oct. 13, 2016) (citing Tibble, 135 S.Ct. at 1828-29) (denying motion to dismiss a failure to monitor claim); Northstar Fin. Advisors v. Schwab Invs., 135 F.Supp.3d 1059, 1075-76 (N.D. Cal. 2015) (quoting Tibble, 135 S.Ct. at 1828) (same). However, because it is not before us, we have no occasion to address the issue on appeal.