18-2621-cv(L)
O'Day v. Chatila

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand nineteen.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
BRIAN M. COGAN,*
*District Judge.*

------------------------------------------------------------------

ERIC O'DAY, ROBERT LINTON, LEE MEDINA, GAURAB SAMANTA, Individually, on Behalf of the SunEdison, Inc. Retirement Savings Plan, and on Behalf of All Other Similarly Situated Plan Participants and Beneficiaries,

Nos. 18-2621-cv(L), 18-2632-cv(CON)

*Plaintiffs-Appellants*,

---

* Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

v.

AHMAD CHATILA, EMMANUEL
HERNANDEZ, ANTONIO R. ALVAREZ,
CLAYTON C. DALEY, JR., GEORGANNE C.
PROCTOR, STEVEN V. TESORIERE, JAMES B.
WILLIAMS, RANDY H. ZWIRN, PETER
BLACKMORE, THE SUNEDISON RETIREMENT
SAVINGS PLAN INVESTMENT COMMITTEE,
BRIAN WUEBBELS, PHELPS MORRIS,
MATTHEW HERZBERG, MATT MARTIN,
JAMES WELSH,

*Defendants-Appellees*.

------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANTS: | DANIELLA QUITT, Glancy Prongay & Murray LLP, New York, NY (Robert I. Harwood, Glancy Prongay & Murray LLP, New York, NY, Nancy A. Kulesa, Levi & Korsinsky, LLP, New York, NY, Thomas J. McKenna, Gregory M. Egleston, Gainey McKenna & Egleston, New York, NY, Francis A. Bottini, Jr., Albert Y. Chang, Bottini & Bottini Inc., La Jolla, CA, *on the brief*). |
| FOR APPELLEES AHMAD CHATILA, EMMANUEL HERNANDEZ, ANTONIO R. ALVAREZ, | MARK B. BLOCKER, Sidley Austin LLP, Chicago, IL (Christopher K. Meyer, Sidley Austin LLP, Chicago, |

2

CLAYTON C. DALEY, JR., GEORGANNE C. PROCTOR, STEVEN V. TESORIERE, JAMES B. WILLIAMS, RANDY H. ZWIRN, THE SUNEDISON RETIREMENT SAVINGS PLAN INVESTMENT COMMITTEE, BRIAN WUEBBELS, PHELPS MORRIS, MATTHEW HERZBERG, MATT MARTIN, JAMES WELSH:

IL, Sarah A. Hemmendinger, Sidley Austin LLP, San Francisco, CA, *on the brief*).

FOR APPELLEE PETER BLACKMORE:

Michael Bongiorno, Timothy Perla, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs are participants in a defined-contribution retirement savings plan (the Plan) that was available to employees of SunEdison, Inc. They appeal from the judgment of the District Court (Castel, J.) granting Defendants' motion to dismiss the complaint. The Plan gave employees the opportunity to invest in an employee stock ownership plan consisting largely of publicly traded shares of

3

SunEdison stock.   Plaintiffs claim that Defendants breached various duties under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., by failing to protect the Plan when Defendants knew or should have known that SunEdison was on the verge of bankruptcy.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Plaintiffs claim that Defendants breached their duty of prudence by continuing to offer SunEdison shares as an investment option despite their access to public and non-public information regarding SunEdison's dire financial straits.   The District Court correctly held that Plaintiffs did not allege any "special circumstances" that would affect the reliability of the market price as a reflection of the value of SunEdison shares.   In the absence of special circumstances, allegations that a fiduciary should have recognized that a publicly traded stock was overvalued or risky from publicly available information alone are generally implausible.   See Fifth Third Bancorp v. Dudenhoeffer, 573 U.S. 409, 426–27 (2014); Rinehart v. Lehman Bros. Holdings Inc., 817 F.3d 56, 65–67 (2d Cir. 2016).

Relying on Jander v. Retirement Plans Committee of IBM, 910 F.3d 620 (2d Cir. 2018), cert. granted, --- S. Ct. ---, 2019 WL 1100213 (June 3, 2019), Plaintiffs also argue that Defendants should have responded to non-public information of SunEdison's financial troubles by making proper disclosures and halting purchases or divesting the Plan of SunEdison stock. In Jander we held that a prudent fiduciary could have concluded that disclosing the overvaluation of IBM's microelectronics business would not have done more harm than good because it was inevitable that the overvaluation would be disclosed (the business was about to be sold) and studies showed early disclosure of fraud would soften the reputational damage. Id. at 628–30. Unlike the plaintiff in Jander, the Plaintiffs here have not alleged that an earlier disclosure of SunEdison's financial problems might have caused less damage than a later disclosure. Nor have they alleged that disclosure of SunEdison's problems alone, without also halting purchases of SunEdison stock or divesting SunEdison stock altogether, would have sufficed. This case is therefore quite different from Jander and much closer to Rinehart, in which we addressed allegations that a prudent fiduciary should have divested or stopped purchasing stock and held that a prudent fiduciary

could have concluded that such an action would have done more harm than good. Rinehart, 817 F.3d at 68; see also Fifth Third, 573 U.S. at 429–30.

Plaintiffs also allege that Defendants breached their duty of prudence by failing to monitor the Plan's assets. But such a claim requires Defendants both to have improperly monitored investments and to have failed to remove imprudent ones. See Tibble v. Edison Int'l, 135 S. Ct. 1823, 1828–29 (2015). Plaintiffs failed to plausibly allege that it was imprudent for Defendants not to remove any investments.

Plaintiffs further claim that Defendants breached their duty of loyalty because their compensation was linked to SunEdison's financial performance. Specifically, Plaintiffs argue that Defendants' compensation structure caused them to pursue a growth strategy that led to SunEdison's demise. But Plaintiffs do not even allege that the compensation structure caused Defendants to act adversely to the Plan while acting as fiduciaries, and for that reason we agree with the District Court's decision to dismiss that claim. See Pegram v. Herdrich, 530 U.S. 211, 225–26 (2000); In re DeRogatis, 904 F.3d 174, 191 (2d Cir. 2018).

Finally, the District Court correctly dismissed, on the ground that Plaintiffs failed

to identify any underlying breach of a fiduciary duty under ERISA, Plaintiffs' claim that certain fiduciaries failed to adequately monitor other fiduciaries. See Rinehart, 817 F.3d at 68.

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
